In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00193-CR
______________________________

TOMMY RAY YOUNG, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee

                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 18,587-2004

                                                 

Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

            Tommy Ray Young appeals from his conviction by the trial court for aggravated assault with
a deadly weapon. Young's punishment was enhanced as a habitual offender. The trial court
sentenced Young to thirty-five years' imprisonment. We dismiss Young's appeal for want of
jurisdiction.
            The trial court filed a certification, in accordance with Rule 25.2(a)(2), that this case "[i]s a
plea-bargain case, and the Defendant has NO right of appeal." Rule 25.2(a)(2) states, in pertinent
part: 
(2) . . . A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order.

Tex. R. App. P. 25.2(a)(2). If a certification showing that the defendant has the right to appeal is not
made a part of the appellate record, we must dismiss the case unless the record affirmatively
indicates that an appellant may have the right to appeal. Tex. R. App. P. 25.2(d); see Greenwell v.
Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); Dears
v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). We have examined the clerk's record to
determine whether the trial court's certification is defective. See Dears, 154 S.W.3d at 613. Nothing
in the record indicates the certification is defective. This Court lacks jurisdiction over this appeal. 

            On December 28, 2005, we informed Young, by letter, of this apparent defect in our
jurisdiction and informed him that, if he did not show us how we have jurisdiction, within ten days
of the letter, his appeal would be subject to dismissal for want of jurisdiction. Young has now
requested an extension of thirty days to file a response to our letter. The motion for extension
contains no explanation of the need for an extension. We overrule Young's motion for extension.
            We dismiss the appeal for want of jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 11, 2006
Date Decided:             January 12, 2006

Do Not Publish

punitive damages, requiring a nonsettling party to
prove the agreement's allocation before receiving a settlement credit not only unfairly penalizes the
nonsettling party but also allows settling parties to abrogate the one satisfaction rule). 

 In the underlying case here, Texas Capital and Ballow were held jointly and severally liable
for $398,904.38 in actual damages, and that sum was to bear interest at the rate of ten percent per
annum from the date of the judgment until paid. After the judgment was entered, Ballow settled with 
Sandefer, agreeing to pay the principal sum of $2,600,000.00, and Texas Capital presented this
settlement agreement to the trial court. (2) Further, J. D. Sandefer stated in his affidavit that, at the time
this proceeding reached the trial court, Ballow had paid $1,123,763.23 of the $2.6 million 
settlement. The settlement agreement, however, did not allocate between the actual damages for
which Texas Capital and Ballow were held jointly liable and the punitive damages for which Ballow
was held personally liable. As a result, Texas Capital is entitled to a settlement credit not to exceed
$398,904.38, plus postjudgment interest, which represents the actual damages for which Texas
Capital and Ballow were held jointly and severally liable. See Mobil Oil Corp. v. Ellender, 968
S.W.2d at 927-28; Crown Life Ins. Co. v. Casteel, 22 S.W.3d at 391-92 (nonsettling defendant is
entitled to offset any liability for joint and several damages).

 For the reasons stated, we reverse and render judgment as set out above. Texas Capital
remains liable to Sandefer for the amount of damages for which it was held solely liable. 

 William J. Cornelius *

 Justice

*Chief Justice, Retired, Sitting By Assignment 

Date Submitted: June 26, 2003

Date Decided: June 27, 2003

1. Further, even if Chapter 33 were applicable, it does not preclude a settlement credit merely
because settlement was effectuated after the case was submitted to the jury. Under the provisions
set forth therein, a codefendant who settles after the case has been submitted to the jury is no longer
considered a settling person. Tex. Civ. Prac. & Rem. Code Ann. 33.011(5) (Vernon 1997). 
However, this merely affects the manner in which a settlement credit is administered. If a party
settles post-submission, the nonsettling defendant is entitled to a credit based on Section 33.013, as
opposed to the formula provided in Sections 33.012 and 33.014 for presubmission settlements. Tex.
Civ. Prac. & Rem. Code Ann. 33.012-.014 (Vernon 1997); Knowlton v. United States Brass
Corp., 864 S.W.2d 585, 596-98 (Tex. App.-Houston [1st Dist.] 1993), aff'd in part and rev'd in part
on other grounds, 919 S.W.2d 644 (Tex. 1996). 
2. Ballow was also held personally liable for an additional $8,000,000.00 in punitive damages.